UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

JOANNE FARRAR,                   Case No. 11-41244
                                                 Chapter 7
        Debtor.                      Hon. Marci B. McIvor
_____/

ELIZABETH BEAN,

        Plaintiff,

v.                                                   Adv. No. 11-5347

JOANNE FARRAR,

        Defendant.

_____/

## **OPINION DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On November 30, 2011, this Court issued an Order Granting Plaintiff's Motion for Summary Judgment on the grounds that the doctrine of collateral estoppel precluded Defendant from litigating dischargeability under § 523(a)(2) in the Bankruptcy Court.

On December 14, 2011, Defendant filed a Motion for Reconsideration of the Court's Order, claiming that the Court did not apply the proper standard when it gave collateral estoppel effect to the default judgment entered by the Arizona state court. Specifically, Defendant argues that this Court applied Michigan law when it should have applied Arizona law.

This Court agrees that Arizona law applies. However, this Court denies Defendant's Motion for Reconsideration because, even if the Court applies Arizona law,

it is proper to give collateral estoppel effect to the default judgment entered in the Arizona state court case.

I.

FACTUAL BACKGROUND

On May 16, 2007, Plaintiff Elizabeth Bean filed suit alleging fraud, negligence and breach of fiduciary duty against Defendant Joanne Farrar and her husband David Farrar in the Arizona state court. (Plaintiff's Exhibit A, Complaint). The Complaint alleged that Defendant, acting as Plaintiff's accountant, obtained in excess of $650,000.00 from Plaintiff by fraudulently billing for her services, performing and billing for unnecessary services, and providing false and misleading tax advice. (Plaintiff's Exhibit A, Complaint; Plaintiff's Exhibit B, Answer and Counterclaim; and Plaintiff's Exhibit C, Answer to Counter Claim).

The Arizona state court case was litigated for nearly four (4) years. (Plaintiff's Exhibit F, Docket from State Court case). The case was set for trial on January 18, 2011. As part of Plaintiff's case, Plaintiff obtained an expert's report dated September 2, 2009 which states, in part:

> 14. In my opinion, based upon the information I have read and analyzed, the interviews conducted and the deposition I attended, it appears that Farrar breached her responsibilities and duties as a certified public accountant by overcharging Bean for services and displaying a lack of due professional care and diligence. Further, it appears that she used her position of trust as a CPA to her own personal benefit in not only the excessive size of her invoices, but obtaining gifts or entering into transactions that were favorable to her and to the detriment of Bean. The loss estimated above contemplated an overcharging of services at five to ten time normal CPA billing amounts.

(Plaintiff's Exhibit E, Expert Report). On the date of trial, Defendant's husband David

2

Farrar appeared, but Defendant failed to appear and a default was entered. (Plaintiff's Exhibit G, Trial Minute Entry). The Arizona state court took proofs as to damages and instructed Plaintiff to submit a judgment for entry. (Id.). That same day, Defendant filed for Chapter 7 bankruptcy in the Eastern District of Michigan.

On March 25, 2011, with the permission of the Bankruptcy Court, the Judgment was entered by the Arizona state court stating that Defendant committed fraud, was negligent and breached her fiduciary duty in her representation of Plaintiff. (Plaintiff's Exhibit H, Arizona Judgment). The pertinent language of the Judgment provides:

> This case having come before the Court on May 16, 2007, on the verified complaint of Plaintiffs, Elizabeth Bean and Saguaro Creek Farm, LLC, for breach of fiduciary duty, negligence, and fraud against Defendants, Joanne Taylor Farrar and David James Farrar; Defendant having answered the Complaint and filed a Counterclaim against Plaintiffs; Plaintiffs having filed a Motion for Partial Summary Judgment, and the Court having determined that Defendant Joanne Farrar was acting in a fiduciary capacity as Plaintiffs' certified public accountant; trial having been scheduled for and commenced, on January 18, 2011; Plaintiffs having appeared and Defendants having failed to appear for trial; the Court having entered a default against Defendants; Plaintiff, Elizabeth Bean having testified and Plaintiffs having offered documents into evidence; the Court having instructed Plaintiffs to submit a default judgment for entry by the Court; Defendant Joanne Farrar having filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan, (the "Bankruptcy Court"); and the Bankruptcy Court having entered an order lifting the automatic stay to allow for entry of a judgment in this case,
>
> THE COURT THEREFORE ORDERS that Defendants, through their acts and omissions, committed fraud, breached their fiduciary [sic] to Plaintiffs and were negligent in their representation of Plaintiffs as Plaintiffs' certified public accountant.

(*Id.* at pp. 2-3). The Arizona state court entered an award of damages in favor of Plaintiff, and against Defendant, in the amount of $788,540.82. (*Id*).

On April 25, 2011, Plaintiff initiated this adversary proceeding, seeking to have

this Court determine that the amounts awarded to Plaintiff pursuant to the Arizona state court Judgment against Defendant are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (4) and (6).

On October 14, 2011, Plaintiff filed a Motion for Partial Summary Judgment pursuant to 11 U.S.C. § 523(a)(2)(A) alleging that the amounts award to Plaintiff from Defendant pursuant to the Arizona state court judgment are non-dischargeable under the doctrine of collateral estoppel.

On November 30, 2011, this Court issued a bench opinion and an Order Granting Plaintiff's Motion for Summary Judgment. In the bench opinion, this Court relied on Sixth Circuit law when it found that collateral estoppel could apply to certain default judgments. On December 14, 2011, Defendant filed a Motion for Reconsideration alleging that collateral estoppel does not apply to default judgments under Arizona law and that this Court erred in applying Michigan rather than Arizona law to the facts of this case.

II.

ANALYSIS

A.  Standard for Reconsideration

Motions for reconsideration are governed by L.B.R. 9024-1, which states in part:

> **(3) Grounds.** Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that *a different disposition of the case must result from the correction thereof.*

(emphasis added). Thus, even if the Court erred in relying on Michigan, rather than

4

11-05347-mbm    Doc 42    Filed 02/10/12    Entered 02/10/12 15:20:42    Page 4 of 13

Arizona, law, L.B.R. 9024-1 requires that a motion for reconsideration be granted only if Defendant demonstrates that a different disposition of this case would result from a correction of that error.

In this case, this Court erred in relying on Michigan law when determining the collateral estoppel effect of a default judgment. Because the state court judgment was entered in Arizona, Arizona law controls the preclusive effect of the state court judgment. Under Arizona law, some default judgments may collaterally estop a party from relitigating issues in a subsequent case. Accordingly, even though this Court incorrectly applied Michigan law when it found that collateral estoppel prevented the relitigation of this case, this Court finds that a different disposition of this case does not result from the application of the Arizona law. Therefore, for the reasons fully set forth below Defendant's Motion for Reconsideration is DENIED.

B.   Law with Respect to Collateral Estoppel/ Issue Preclusion

   1.   Collateral Estoppel under Arizona Law

The doctrine of collateral estoppel, also known as issue preclusion, prohibits relitigation of issues that have been adjudicated in a prior action. *Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez)*, 367 B.R. 99, 104 (9th Cir. BAP 2007). The party asserting issue preclusion bears the burden of proof as to all elements and must introduce a sufficient record to reveal the controlling facts and the exact issues litigated. *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995).

The doctrine of collateral estoppel applies in nondischargeability litigation. *Grogan v. Garner*, 498 U.S. 279, 284–285 (1991). Under the federal full faith and credit

statute, a federal court must give a state court judgment the same preclusive effect that another court of that state would give the judgment. 28 U.S.C. § 1738; *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001). Accordingly, Arizona law on issue preclusion applies in this case. *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995) (*citing Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)).

Under Arizona law, the doctrine of collateral estoppel, otherwise referred to as "issue preclusion", may bar subsequent litigation between the same parties when the following elements are present:

> the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment. *Industrial Park Corp. v. U.S.I.F. Palo Verde Corp., supra*, 26 Ariz.App. at 209, 547 P.2d at 61; *Moore Drug Co. v. Schaneman*, 10 Ariz.App. 587, 589, 461 P.2d 95, 97 (1969); *Restatement (Second) of Judgments* § 27.

*Chaney Bldg. Co. v. City of Tucson,* 716 P.2d 28, 30 (Ariz. 1986)(en banc). The question raised by Defendant's Motion for Reconsideration is whether, under Arizona law, the elements of collateral estoppel may ever be satisfied if the first state court judgment is labeled a "default" judgment.

Defendant relies on three cases to support her argument that Arizona law prevents this Court from applying the doctrine of collateral estoppel to preclude relitigation of issues considered by the Arizona state court. First, Defendant cites the *Chaney* case. The court in *Chaney* specifically states, "a judgment entered by confession, consent or default [is not] actually litigated" and is thus not a decision on the merits. *Chaney,* 716 P.2d at 30.

6

This Court finds that Defendant's reliance on *Chaney* is misplaced. *Chaney* involved whether a stipulated dismissal of a contract dispute could be given collateral estoppel effect to bar future litigation between the parties to the contract. *Id.* The *Chaney* court held that future litigation could not be barred because judgments entered by stipulation, i.e., consent judgments, involve issues that have never been litigated and thus were not decided on the merits. *Id*. The instant case, however, does not involve a stipulated dismissal or consent judgment. Instead, the default judgment here was entered after four years of litigation. Thus, this Court finds that *Chaney* does not control in the instant case.

Defendant also relies on *Circle K Corp. v. Industrial Comm. of Arizona*, 880 P.2d 642, 647 (Ariz. Ct. App. 1994) for the proposition that collateral estoppel does not apply to default judgments in Arizona. In the *Circle K* case, an employee did not challenge the dismissal of a hearing request related to a possible workers' compensation claim. Approximately one year later, after back surgery, the employee, representing herself, filed a Petition to Reopen her workers' compensation claim. The Petition to Reopen was denied without any reason being specified for the denial.

Approximately three years later, after continued problems with her back, the employee again petitioned to reopen her workers' compensation case. An administrative law judge reopened the case and awarded the employee benefits.

On appeal, the employer, Circle K, argued that the issue of causation, that is whether the injury four years earlier caused the employee's ongoing back problems, was "necessarily decided" against the employee when her first Petition to Reopen was denied. The Arizona Court of Appeals disagreed with Circle K and affirmed the decision

7

of the administrative law judge. After discussing the doctrine of collateral estoppel at some length, the Court concluded that collateral estoppel required actual litigation of the causation issue. The Court of Appeals found that the issue of causation had never been litigated: the Order denying the employee's first Petition to Reopen was entered within one month of the Petition being filed, and the Order gave no explanation as to the basis for the denial.

This Court finds that the *Circle K* case does not support Defendant's argument that a "default" judgment can never satisfy the elements of collateral estoppel. The *Circle K* case addressed the "actually litigated" element of the collateral estoppel doctrine. The appellate court in *Circle K* concluded that subsequent litigation between the parties was required because the parties had never actually litigated the issue of causation. In the instant case, the issue of whether Plaintiff committed fraud and breached her fiduciary duty to Plaintiff was fully litigated during the four years of litigation between Plaintiff and Defendant. The fact that Defendant failed to appear at trial, necessitating the entry of a "default" judgment against her, is simply not relevant to a determination of whether collateral estoppel applies in the instant case.

Lastly, Defendant cites *Feezor v. Davis (In re Davis)*, 108 F.3d 337, 1996 WL 733174 (C.A.9 (Cal.)) in support of her position that collateral estoppel cannot apply to default judgments under Arizona law. In *Feezor*, the bankruptcy court ruled that a default judgment previously entered against the debtor/defendant based on fraud allegations collaterally estopped the debtor/defendant from relitigating the issue of fraud in bankruptcy court. The Ninth Circuit Court of Appeals reversed the bankruptcy court, citing both the *Chaney* and *Circle K* cases. The Court of Appeals concluded that, under

8

Arizona law, the debtor/defendant was not precluded by the default judgment from litigating the fraud issue in the bankruptcy case.

This Court finds that the *Feezor* case is not instructive in the instant case. The *Feezor* court provides no information regarding the underlying facts of the state court judgment. Therefore, it is unclear whether the state court judgment was the result of a true default. In the instant case, there was four years of litigation prior to the entry of the state court "default" judgment. Accordingly, it is impossible for this Court to determine whether the *Feezor* case holds any precedential value for the instant case.

This Court finds that there are no Arizona state court cases which directly address whether collateral estoppel applies to a case, like the instant one, where the case was fully litigated and then Defendant failed to appear on the day of trial. In this case, it appears that Defendant, sensing defeat in the state court action after four years of litigation, decided to file for bankruptcy in a distant jurisdiction, rather than defend herself at the state court trial.

The Arizona case with the facts most similar to the facts of this case is *Roberts v. City of Phoenix*, 235 P.3d 265, 275 (Ariz. Ct. App. 2010). In *Roberts*, the trial court entered a default judgment against the City of Phoenix after the court struck the City's answer, as a sanction for discovery violations. The City then contested the amount of damages and a hearing was held, leading to a final judgment on those damages. The Arizona Court of Appeals found that the entry of a default judgment against the City was a decision "on the merits" supporting the award of attorney fees.

    2.    <u>Collateral Estoppel under Federal Law</u>

9

11-05347-mbm    Doc 42    Filed 02/10/12    Entered 02/10/12 15:20:42    Page 9 of 13

Because there is so little Arizona case law which addresses the preclusive effect of judgments in a factual situation similar to the instant case, this Court looks to federal law for guidance. There is little practical difference between state law and federal law on the analysis of whether an issue has been actually litigated. *Kirkland v. Barnes (In re Kirkland)*, 2008 WL 8444824 (9th Cir. BAP (Ariz.)) citing *Nortman v. Smith (In re Smith)*, 362 B.R. 438, 442, fn.1 (Bankr. D. Ariz. 2007) (acknowledging there is no real difference between Oregon law and federal law on this aspect of issue preclusion, giving preclusive effect to default judgment); *Ludtke v. Hodges (In re Hodges)*, 271 B.R. 347, 351–352 (Bankr. N.D. Iowa 2000) (under Iowa law, default judgment entered as discovery sanction given issue-preclusive effect even though Iowa law would ordinarily not give such effect to default judgment).

Courts have held that whether an issue was "actually litigated" is judged on a continuum and generally turns on the degree of participation in the prior litigation. *In re Smith*, 362 B.R. 438, 442 (Bankr. D. Ariz. 2007); *Bell v. Bell (In re Bell)*, 2008 WL 2277875 (D. Ariz.)(2008). On one hand, there are cases holding that a party's participation is too minimal to support collateral estoppel. *See, e.g., In re Palmer*, 207 F.3d 566 (9th Cir. 2000); *In re Silva*, 190 B.R. 889 (9th Cir. BAP 1995); *In re Smith*, 362 B.R. 438 (Bankr. D. Ariz. 2007); *In re Dvorak*, 118 B.R. 619 (Bankr. N.D. Ill. 1990). On the other hand, a party's participation may be extensive enough to preclude him or her from re-litigating certain issues in another court. *See, e.g., Muegler v. Bening*, 413 F.3d 980 (9th Cir. 2005); *In re Daily*, 47 F.3d 365 (9th Cir.1995); *In re Nourbakhsh*, 162 B.R. 841 (9th Cir. BAP 1994); *In re Gottheiner*, 703 F.2d 1136 (9th Cir.1983); *In re Wright*, 355 B.R. 192 (Bankr. C.D. Cal. 2006). In this case, Defendant participated in the

litigation for four years and merely failed to appear at trial. Under these circumstances, this Court finds that the issue of Defendant's fraudulent conduct was actually litigated in state court.

### 3. Policy Behind Collateral Estoppel

The purpose of collataral estoppel is to protect parties from multiple lawsuits, to prevent the possibility of inconsistent decisions, and to conserve judicial resources. *Montana v. U.S.*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979)("Collateral estoppel ... has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."); *Blonder-Tongue Laboratories, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 328 (1971) (it is no "longer tenable to afford a litigant more than one full and fair opportunity for judicial resolution of the same issue."). In the instant case, the issue of whether Defendant defrauded Plaintiff was fully litigated in the Arizona state court. If this Court were required to try this adversary proceeding, this Court would be wasting judicial resources by retrying the issues that have already been determined based on evidence presented.

In addition, a party's reasons for not litigating may support the application of collateral estoppel. *See, Restatement (Second) of Judgments* § 27, cmt e; *Kirkland*, 2008 WL 8444824. The Ninth Circuit has also affirmed that the actual litigation requirement may be satisfied by certain misconduct, including calculated failure to participate. *FDIC v. Daily (In re Daily)*, 47 F.3d 365 (9th Cir. 1995). In the *Daily* case, the Ninth Circuit concluded:

11

> A party who deliberately precludes resolution of factual issues through normal adjudicative procedures may be bound, in subsequent, related proceedings involving the same parties and issues, by a prior judicial determination reached without completion of the usual process of adjudication. In such a case the 'actual litigation' requirement may be satisfied by substantial participation in an adversary contest in which the party is afforded a reasonable opportunity to defend himself on the merits but chooses not to do so.

*Id.* at 368. In this case, Defendant actively participated in litigation for four years. On the day of trial, Defendant filed for bankruptcy, rather than appearing at the trial. Under these circumstances, the application of collateral estoppel is appropriate.

III.

CONCLUSION

The Arizona state court entered judgment against Defendant for fraud and breach of fiduciary duty after four years of litigation, including dispositive motions and an expert's report. Under the Arizona law of collateral estoppel, and the federal common law of collateral estoppel, this Court finds that the Arizona state court judgment estops Defendant from relitigating the issue of fraud in this Court. Accordingly, this Court finds that a different disposition of this case does not result from the application of Arizona law. Defendant's Motion for Reconsideration is DENIED.

Signed on February 10, 2012

                                 /s/ Marci B. McIvor
                                 Marci B. McIvor
                                 United States Bankruptcy Judge

13

11-05347-mbm    Doc 42    Filed 02/10/12    Entered 02/10/12 15:20:42    Page 13 of 13